HABERBUSH & ASSOCIATES, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile:  (562) 435-6335
E-mail: lbogard@lbinsolvency.com
Attorneys for Debtors

FILED & ENTERED

MAY 23 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

NOT FOR PUBLICATION

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:17-bk-10442-RK |
| MARTHA NERI and WILLIAMS NERI, | **Chapter 7** |
| Debtors. | ORDER DENYING DEBTORS' MOTION TO EXTEND THE DEADLINE TO FILE REAFFIRMATION AGREEMENTS AND EXTENDING THE DEADLINE TO FILE REAFFIRMATION AGREEMENTS TO JUNE 24, 2017 |
| | [No Hearing Required] |

The Court, having considered the Motion to Extend the Deadline to file Reaffirmation Agreements (the "Motion") filed by Martha Neri and Williams Neri, Debtors ("Debtors"), and the Declaration Re: That No Party Requested a Hearing on Motion Pursuant to Local Bankruptcy Rule 9013-1(o) Re Debtors' Motion to Extend the Deadline to File Reaffirmation Agreements, and good cause appearing therefore, it is hereby,

**ORDERED** that the Motion is DENIED.  The court entered an order granting Debtors' discharge on May 1, 2017. Docket No. 20.  Pursuant to 11 U.S.C. § 524(c)(1) an agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is

based on a debt that is dischargeable in a case under this title is enforceable only if such agreement was made before the granting of the discharge under 11 U.S.C. § 727. *See* 11 U.S.C. § 524(c)(1); *see also*, *In re Kamps*, 217 B.R. 836, 843 (Bankr. C.D. Cal. 1998)(citation omitted). Because the time for making of a reaffirmation agreement under 11 U.S.C. § 524(c)(1) expired on May 1, 2017 when the Debtors' discharge was granted, it would be futile to grant the motion to extend time to file a reaffirmation agreement to June 24, 2017. (Although the Debtors have asked the court to extend the time to "file" reaffirmation agreements and the statutory language of 11 U.S.C. § 524(c)(1) setting the deadline for reaffirmation agreements refers to "making" as opposed to "filing" such agreements, the court assumes that by this motion to extend the time to file reaffirmation agreements, the reaffirmation agreements have not yet been made to be filed. If the court's assumption is incorrect, the Debtors might consider seeking reconsideration of this order if they did in fact make any reaffirmation agreements they want to file, which were "made" (or reached) before the granting of their discharge on May 1, 2017.)

The court notes that the Motion was filed on April 24, 2017 before the discharge was entered on May 1, 2017; however, Debtors' counsel did not ask to defer the entry of the discharge under Federal Rule of Bankruptcy Procedure 4004(c). *See* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:1918 at 22-237 (2016), *citing,* Fed. R. Bankr. P. 4004(c) and Adv. Comm. Note thereto ("**PRACTICE POINTER**:  If a reaffirmation agreement cannot be reached prior to discharge, ask the court to *defer entry of the discharge order* for 30 days.")(emphasis in original).

**IT IS SO ORDERED.**          # # #

Date: May 23, 2017

_____
Robert Kwan
United States Bankruptcy Judge